# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| STEVIE GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV166 TCM |
| | ) | |
| JOHNNY WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Stevie Golden (registration no. 189096), an inmate at Algoa Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.37. 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $21.83, and an average monthly balance of $0.75. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.37, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional violations while he was an inmate at Missouri's Southeast Corrections Center (SECC). Named as defendants are Johnny Williams (Function Unit Manager), David Gains (Classification Custody Staff), Casey Adams (same), Unknown Horn (same), Unknown Clinton (same), Laura Vance (Superintendent), Omer Clark (same). Plaintiff seeks monetary relief.

In January 2006, plaintiff was incarcerated at Farmington Correctional Center (FCC). Staff at FCC informed plaintiff and the other inmates that SECC had a need for prisoners willing to participate in SECC's work release program. Inmates interested in work release were allowed to fill out forms for evaluation. Plaintiff filled out one of the forms and turned it in. Plaintiff states that when he turned the form in, he told the staff that he had changed his mind and he was not interested in participating in work release. Plaintiff claims that the staff told him they would make a notation on the form that he did not want to be transferred to SECC. Plaintiff alleges that participation in the work release program was on a voluntary basis only.

Plaintiff was transferred to SECC. Plaintiff alleges that upon arrival at SECC, he was immediately subjected to overcrowded conditions . For example, plaintiff alleges that there was no place to eat his food except near where other inmates were using the toilet, and he claims that he was forced to sleep only six inches away from other inmates, with no dividers between the bunks.

On February 1, 2006, plaintiff told defendant Williams that he wanted to file a grievance because he did not want to be transferred to SECC. Plaintiff claims that Williams asked plaintiff not to file anything until Williams could talk to the Superintendent. Plaintiff agreed. On February 2, 2006, defendant Adams instructed plaintiff to sign a work release contract. Plaintiff states that he

refused to sign the contract because he did not want to participate in the work release program. Plaintiff alleges that defendants Adams and Gaines later placed him in handcuffs and ordered him to sign the contract. When plaintiff refused, Adams and Gaines issued a conduct violation to plaintiff for refusing to sign the contract.

Plaintiff alleges that he was placed in administrative segregation on February 2, 2006. Plaintiff has attached, as an exhibit to his complaint, a Missouri Department of Corrections document titled "Temporary Administrative Segregation Confinement" indicating that plaintiff was placed in administrative segregation on February 2, 2006, because he refused to sign the work release program contract. The document is signed by defendant Clark.

Plaintiff alleges that on February 7, 2006, defendant Horn came to his cell and asked him if he wanted to make a statement for the hearing that was to be held regarding his conduct violation. Plaintiff claims that he tried to give Horn a handwritten statement and that Horn repeatedly refused to accept it. Plaintiff has attached to his complaint a document, written by Horn, titled "Disciplinary Action Report" that indicates that a hearing was held in absentia on February 7, 2006. The result of the hearing was that defendant Horn found plaintiff guilty of violating the prison's rules and recommended, among other things, that plaintiff be referred to administrative segregation. The document states that plaintiff refused to participate in the hearing.

Plaintiff alleges that defendant Clinton visited him while he was in administrative segregation. Plaintiff states that he asked Clinton for five grievance forms and that she responded by giving him two forms that were partially filled out, depriving plaintiff of the opportunity to fill out the grievances himself.

Plaintiff claims that he was transferred to Algoa Correctional Center on February 23, 2006. Upon arrival at Algoa, plaintiff filed several grievances. Plaintiff claims that on June 1, 2006, the Assistant Director of the Missouri Department of Corrections vacated all of the conduct violations that were issued to him at SECC.

## Discussion

### I.      Defendants Williams and Vance

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff does not set forth any facts indicating that defendants Williams and Vance were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Therefore, the Court concludes that the instant action is legally frivolous as to defendants Williams and Vance.

### II.      Defendants Gains, Adams, Horn, Clinton, and Clark

The Court finds that plaintiff's allegations against defendants Gains, Adams, Horn, Clinton, and Clark survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order these defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case may be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Gains, Adams, Horn, Clinton, and Clark.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Gains, Adams, Horn, Clinton, and Clark shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Williams and Vance because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 5th day of January, 2007.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1]Defendants are alleged to be found at Missouri's Southeast Correctional Center.